UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

R.E. LOANS, LLC; and
2718 SANTA ROSA, LLC,

    Plaintiffs,

vs.

CASE NO.: 3:08cv76
Florida Bar No.: 0393517

EAGLE GROUP BROKERS, LLC;
THE EAGLE GROUP REAL ESTATE
INVESTMENTS, INC.;
EAGLE LAND GROUP, INC.;
EAGLE PROPERTY, INC.;
TRIPLE EAGLE & ASSOCIATES; one,
some or all d/b/a THE EAGLE GROUP;
RON REESER, an individual;
HAL HAYES, an individual;
BEACHWALK ASSOCIATES, LLC,
a Georgia limited liability company;
EUBY BLACK, an individual; and
DOES 1-50, inclusive,

    Defendants.

## PLAINTIFFS' RESPONSE TO DEFENDANT EUBY BLACK'S MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW

Plaintiffs R.E. LOANS, LLC and 2718 SANTA ROSA, LLC (collectively, "Plaintiffs") respectfully respond to defendant EUBY BLACK'S ("Black") Motion to Dismiss (and Memorandum in Support of Motion to Dismiss). In support thereof, Plaintiffs offer the following:

1.  Black challenges the Court's diversity jurisdiction under 28 U.S.C. §1332 based on his allegation that Plaintiff 2718 Santa Rosa, LLC is a citizen of Florida.[1] *See Motion to Dismiss* at ¶1 ("This motion to dismiss is directed to the lack of subject matter jurisdiction between the plaintiff 2718 Santa Rosa and this defendant" [i.e., Defendant Black]).

2.  Black states in his Memorandum of Law, "This memorandum will address the diversity issues and, specifically, the issue of whether 2718 Santa Rosa is a foreign corporation with its principal place of business outside of the state of Florida so as to create diversity pursuant to 28 U.S.C. §1332." *See Memorandum of Law* at 2. Black then concludes that under the Eleventh Circuit's "total activities" test for corporate citizenship, *see Bel-Bel International Corp. v. Community Bank and Homestead*, 162 F.3d 1101 (11th Cir. 1998), 2718 Santa Rosa, LLC is a Florida citizen.

3.  Black incorrectly claims that "the complaint alleges that 2718 Santa Rosa, LLC is a foreign corporation pursuant to 28 U.S.C. §1332 and that there is diversity between that plaintiff and all of the defendants." Black offers no citation for this claimed allegation, because the Complaint does not so allege. Instead, the Complaint states, "Plaintiff, Santa Rosa is a *limited liability company* duly organized and existing under the laws of Delaware...." *See Complaint* at ¶2 (italics added).

4.  Black's motion is a non-starter. The test for determining the citizenship of a limited liability company for purposes of diversity jurisdiction is *not* the "total activities" test applicable to *corporations*. Instead, *a limited liability company* is a citizen of every state of which its members are citizens. In *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020 (11th Cir. 2004), the Eleventh Circuit held as follows:

---

[1] Plaintiffs accept, as the Motion to Dismiss alleges, that Defendant Black is a Florida citizen for purposes of diversity jurisdiction.

2

> This circuit has not previously addressed the question of how to determine the citizenship of a limited liability company for diversity jurisdiction purposes. We do so now. The federal appellate courts that have answered this question have all answered it in the same way: like a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen. We join them in this holding.

*Id.* at 1022; *and see Estate of John Lee,* 2006 WL 568337, *1 (N.D. Fla. 2006) (unpublished); *Jones v. Honeywell International, Inc.,* 385 F.Supp.2d 1268, 1272 n.2 (M.D. Fla. 2005); *Ennis v. Flowers Baking Co. of Bradenton, LLC,* 2007 WL 1068139, *1 (M.D. Fla. 2007) (slip op.).

      5.      Indeed, as the Eleventh Circuit observed, this is well-established law. *See Cosgrove v. Bartolotta,* 150 F.3d 729, 731 (7th Cir. 1998) (holding that "the citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members") (citations omitted); *Handelsman v. Bedford Village Assocs. Ltd. P'ship,* 213 F.3d 48, 51-52 (2d Cir. 2000) (same) (citing *Cosgrove,* 150 F.3d at 731); *GMAC Commercial Credit LLC v. Dillard Dept. Stores, Inc.,* 357 F.3d 827, 829 (8th Cir. 2004) (same); *Homfeld II, L.L.C. v. Comair Holdings, Inc.,* 53 Fed.Appx. 731, 732 (6th Cir. 2002) (same) (unpublished); *Provident Energy Assocs. of Mont. v. Burllington,* 77 Fed.Appx. 427, 428 (9th Cir. 2003) (same); *JBG/JER Shady Grove, LLC v. Eastman Kodak Co.,* 127 F. Supp. 2d 700, 702 (D. Md. 2001) ("A limited liability company's citizenship, for diversity jurisdiction is determined by all of its members. *A limited liability company is not to be treated as a corporation for citizenship purposes*") (emphasis added); *Chen v. Mayflower Transit, Inc.,* 2001 WL 630688 (N.D. Ill. May 25, 2001); *Hale v. Mastersoft Int'l Pty., Ltd.,* 93 F. Supp. 2d 1108, 1112 (D. Colo. 2000) ("The Tenth Circuit has not directly determined the citizenship for limited liability companies for purposes of diversity jurisdiction. Other courts, however, have held that a limited liability company is a citizen of the states of which its members are citizens, and is not a citizen of the state in which it was organized unless one of its members is a citizen of that state); *Keith v. Black Diamond Advisors, Inc.,* 48

F.Supp.2d 326, 330 (S.D.N.Y. 1999); *U.S.A. Seafood, L.L.C. v. Koo,* 1998 WL 765160, at *1 (S.D.N.Y. Oct. 30, 1998); *JMTR Enterprises, L.L.C. v. Duchin,* 42 F.Supp.2d 87, 93 (D.Mass. 1999); *Ferrara Bakery & Café, Inc. v. Colavita Pasta & Olive Oil Corp.,* 1999 WL 135234, at *3 (S.D.N.Y. Mar. 12, 1999); *Cosgrove v. Bartolotta,* 150 F.3d 729, 731 (7th Cir. 1998); *International Flavors and Textures, LLC v. Gardner,* 966 F. Supp. 552 (W.D. Mich. 1997), *and see Conk v. Richards & O'Neil, LLP,* 77 F.Supp. 2d 956 (S.D. Ind. 1999) (holding that citizenship of a limited liability partnership for diversity jurisdiction purposes depends on the citizenship of all its partners); *Cohen v. Kurtzman,* 45 F.Supp.2d 423 (D.C. N.J. 1999) (same); *ALMS, Ltd. v. Barnes,* 1998 WL 907034 (N.D. Tex. Dec. 16, 1998) (same); *ALMS Ltd., LLP v. Guzman,* 1998 W.L. 684245 (N.D. Tex. Sept. 25, 1998) (same); *Mudge Rose Guthrie Alexander & Ferdon v. Pickett,* 11 F.Supp.2d 449 (S.D.N.Y. 1998) (same).

6. The attachments to Black's Memorandum of Law, especially Exhibit "F," conclusively show that Plaintiff 2718 Santa Rosa, LLC is a limited liability company.

7. Plaintiffs do not concede that Black "properly challenged" jurisdiction in this instance, as Black's Motion to Dismiss proposes the immaterial question of corporate citizenship. *See Rolling Greens* at 1022 (quoting *Ray v. Bird & Son & Asset Realization Co.,* 519 F.2d 1081, 1082 (5th Cir. 1975) ("The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction, and if jurisdiction is properly challenged, that party also bears the burden of proof")). Plaintiffs therefore do not concede that any burden of proof as to jurisdiction has shifted from Black, as movant, to Plaintiffs. However, Plaintiffs offer in support of diversity jurisdiction **Attachment A hereto** (Affidavit of Barney Ng, as managing member of 2718 Santa Rosa, LLC) shows that none of the members of 2718 Santa Rosa, LLC are citizens of Florida. Consequently, 2718 Santa Rosa, LLC is not a citizen of Florida for purposes of

4

diversity jurisdiction under 28 U.S.C. §1332.

## CONCLUSION

Defendant Euby Black cites the wrong rule by which to determine the citizenship of 2718 Santa Rosa, LLC. The "total activities" test is applicable only to corporations. By contrast, limited liability companies, like partnerships, bear the citizenships of their members. Because no member of 2718 Santa Rosa, LLC is a Florida citizen, 2718 Santa Rosa, LLC is also not a Florida citizen and is diverse from Defendant Euby Black, who *is* a Florida citizen. Consequently, the Court has diversity jurisdiction under 28 U.S.C. §1332.

WHEREFORE, Plaintiffs respectfully request Defendant Euby Black's Motion to Dismiss be denied.

Respectfully submitted,

**GREENBERG TRAURIG, P.A.**
101 East College Avenue
Post Office Drawer 1838
Tallahassee, Florida 32302
Phone: (850) 222-6891
Fax: (850) 681-0207

_____
**LORENCE JON BIELBY**
Florida Bar No. 0393517
**JOHN K. LONDOT**
Florida Bar No. 0579521

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail/FedEx/Telecopy to the following on this 28th day of MARCH, 2008:

Stephen C Hunt
Adorno & Yoss PA
350 E Las Olas Blvd
Ste 1700
Fort Lauderdale, FL 33301
954-766-7834
954-766-7800 (fax)
shunt@adorno.com
***Attorneys for Eagle Group Brokers, LLC, The Eagle Group Real Estate Investments, Inc., Eagle Land Groups, Inc., Eagle Property, Inc., Triple Eagle and Association, Inc., The Eagle Group, Beachwalk Associates, LLC and Ron Reeser***

William L. Sundberg, Esq.
Sundberg & Hessman, P.A.
107 W 5th Ave
Tallahassee, Florida 32303-6124
850-402-3000
850-402-3001 (fax)
billsundberg@yahoo.com
***Attorneys for Hal Hayes***

J. Nixon Daniel, III, Esq.
Beggs & Lane
501 Commendencia St (32502-5915)
PO Box 12950
Pensacola, FL 32591-2950
850-469-3306
850-469-3330 (fax)
jnd@beggslane.com
***Attorneys for Euby Black***

_____
LORENCE JON BIELBY

# Attachment A

## AFFIDAVIT OF BARNEY NG

**STATE OF CALIFORNIA**

**COUNTY OF** _____

Before me, the undersigned authority, personally came and appeared, Barney Ng, who is of the age of majority and who, being first duly sworn, declares as follows:

1. I am the managing member of Plaintiff 2718 Santa Rosa, LLC.

2. The members of 2718 Santa Rosa, LLC are as follows:

    Barney Ng, a Wyoming citizen, trustee of the Barney J. Ng Living Trust,

    Lexie Ng, a California citizen;

    Walter J. Ng and Maribal Ng (both California citizens), Trustees of the NG Family Trust; and

    Pensco Trust Company, a New Hampshire corporation with its principal place of business in New Hampshire.

3. None of the members of Santa Rosa, LLC are Florida citizens.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Barney Ng

State of California
County of Contra Costa

Subscribed and sworn to (or affirmed) before me on this 27th day of March, 2008, by Barney Ng, Name of Signer, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

_____
NOTARY PUBLIC SIGNATURE

NOTARY PUBLIC SEAL
My Commission Expires: April 25, 2010

TAL 451,461,168v1 3/25/2008

GUADALUPE RODRIGUEZ
Commission # 1660988
Notary Public - California
Contra Costa County
My Comm. Expires Apr 25, 2010