IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

R.E. LOANS, LLC; and
2718 SANTA ROSA, LLC,

    Plaintiffs,

  v.                                    Case No.: 3:08-cv-76-RV-MD

EAGLE GROUP BROKERS, LLC;
THE EAGLE GROUP REAL EASTATE
INVESTMENTS, INC.;
EAGLE LAND GROUP, INC.;
EAGLE PROPERTY, INC.;
TRIPLE EAGLE & ASSOCIATES;
one, some or all d/b/a THE EAGLE
GROUP; RON REESER, an individual;
HAL HAYES, an individual;
BEACHWALK ASSOCIATES, LLC, a
Georgia limited liability company;
EUBY BLACK, an individual; and
DOES 1-50, inclusive,

    Defendants.
_____/

## ORDER

    This diversity case arises out of a failed land development project in Santa Rosa County, Florida, the facts of which are not relevant here. One of the several defendants, Euby Black, a Florida resident, moves to dismiss the complaint for lack of subject matter jurisdiction (doc. 4). Specifically, he contends that there is no jurisdiction under Title 28, United States Code, Section 1332, because the plaintiffs have failed to satisfy the diversity of citizenship requirements of the law.

    Diversity jurisdiction requires that the plaintiff be a citizen of a state different from that of any of the defendants. *See, e.g., Bel-Bel Intern. Corp v. Community Bank of*

*Homestead,* 162 F.3d 1101, 1106 (11th Cir. 1998). The defendant argues that "a corporation is deemed to be a citizen of any state in which it has been incorporated and of the state where it has its principal place of business." He maintains that "[t]o determine the principal place of business of a corporation, one must look to the 'total activities' of the corporation." Applying this test, the defendant argues that while the plaintiff "2718 Santa Rosa LLC" was formed in Delaware --- and lists California as its principal place of business --- it is, in fact, only qualified to do business in Florida, and it should be regarded as a Florida entity. And since he is, himself, a Florida resident, the defendant argues that there is incomplete diversity. But, 2718 Santa Rosa LLC is a *limited liability company*, not a corporation. For diversity analysis, a different test applies: a limited liability company is deemed a citizen of any state of which any of its members are citizens. *See, e.g., Rolling Greens MHP, LP v. Comcast SCH Holdings LLC,* 374 F.3d 1020 (11th Cir. 2004). In this case, the plaintiffs have filed an affidavit establishing that none of the members of 2718 Santa Rosa LLC are citizens of Florida.

      The defendant has filed a reply in which he concedes that "the citizenship of a limited liability company can be determined by the citizenship of its members," but he claims that there is no case law expressly holding that the "total activities" test applied to corporations cannot *also* be applied. I cannot agree. While it may be true that there does not appear to be any case law directly holding that the "total activities" test applied to corporations is *per se* inapplicable to limited liability companies, it is well-settled that "business entities that are functionally similar to corporations, but are not formally corporations, such as limited partnerships and limited-liability companies, are not classified as corporations for diversity purposes." *Hoagland ex rel. Midwest Transit, Inc. v. Sandberg, Phoenix & von Gontard, PC,* 385 F.3d 737, 739 (7th Cir. 2004) (citing multiple cases). In fact, as the plaintiffs argue, the Supreme Court has cautioned against (and "firmly resisted") extending the treatment of corporations to other business entities. *See, generally, Carden v. Arkoma Associates,* 494 U.S. 185, 110 S. Ct. 1015, 108 L. Ed. 2d 157 (1990). As recently as two months ago, the Eleventh Circuit has emphasized that "a limited liability company is a citizen of any state of which a member

of the company is a citizen." *Noventa Ocho LLC v. PBD Properties LLC,* 2008 WL 2610515, at *1 n.1 (11th Cir. July 3, 2008) (citing *Rolling Greens, supra*). That is the law in this circuit. Therefore, under *Rolling Greens* and its progeny, there is diversity here because the record reflects that the defendant and all the members of the plaintiff 2718 Santa Rosa LLC are citizens of different states.[1]

The defendant's motion to dismiss (doc. 4) must be, and is, DENIED.

DONE and ORDERED this 4th day of September, 2008.

/s/ *Roger Vinson*
ROGER VINSON
Senior United States District Judge

---

[1] Despite the use of some unfortunately broad and ambiguous language, the opinion in *MacGinnitie v. Hobbs Group, LLC,* 420 F.3d 1234 (11th Cir. 2005), is not to the contrary. The defendant there (Hobbs) was a limited liability company, yet the Eleventh Circuit used the "total activities" test applicable to corporations to determine citizenship for diversity purposes. However, a careful reading of that case reveals that its application of the law was not inconsistent with *Rolling Greens, supra*. At the time of the events giving rise to that litigation, Hobbs had been rendered "inactive" after it was acquired by (and incorporated into) a corporation, maintained as its holding company, and controlled entirely by corporate headquarters. Consequently, the Eleventh Circuit obviously treated it as a corporation throughout its analysis and used "the 'total activities' test to determine [the] *corporation's* principal place of business." *Id.* at 1239 (emphasis added).