**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**


R.E. LOANS, LLC, and
2718 SANTA ROSA, LLC,

      Plaintiffs,

v.                                  CASE NO.:  3:08cv76/MCR/MD

EAGLE GROUP BROKERS, LLC,
et al.,

      Defendants.

                                  /

**O R D E R**

On April 21, 2009, the court granted counsel's request for leave to withdraw from representation of defendants Eagle Group Brokers, LLC; The Eagle Group Real Estate Investments, Inc.; Eagle Land Group, Inc.; Eagle Property, Inc.; Triple Eagle & Associates; one, some or all d/b/a The Eagle Group; Beachwalk Associates, LLC, and Ronald Reeser, and each of the affected defendants were permitted thirty (30) days in which to retain substitute counsel.  (See doc. 102).  The order provided that in the event counsel did not appear on behalf of defendant Ronald Reeser within the allotted time, the court would assume defendant has elected to proceed pro se.  Furthermore, should counsel not appear on behalf of any or all of the affected corporate defendants within the allotted time, the court would assume such defendant(s) has no intention of defending this action and default will be entered accordingly.  See Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985).

The time provided defendants to retain substitute counsel has expired and no counsel has appeared on behalf of any of the affected defendants.  Accordingly, the court finds that defendant Ronald Reeser is presumed to be proceeding pro se, that is, without

the assistance of counsel.  The clerk is directed to reflect Mr. Reeser's pro se status on the docket, noting his service address for this order and all future pleadings as 4470 Chamblee Dunwoody Road, Suite 250, Atlanta, Georgia 30338.  Mr. Reeser may retain substitute counsel at any time; however, until such time as substitute counsel enters a written appearance, he shall personally comply with all orders of this court, the Federal Rules of Civil Procedure, and the Local Rules of Practice. Failure to comply with these requirements may result in the imposition of sanctions, including payment of costs and attorney's fees and/or the entry of default, pursuant to Rule 37 of the Federal Rules of Civil Procedure.

The court further finds that defaults should be entered against defendants Eagle Group Brokers, LLC; The Eagle Group Real Estate Investments, Inc.; Eagle Land Group, Inc.; Eagle Property, Inc.; Triple Eagle & Associates; one, some or all d/b/a The Eagle Group; and Beachwalk Associates, LLC.  Accordingly, the clerk is directed to enter defaults against these defendants.  The entry of default may be set aside if substitute counsel enter a written appearance on behalf of these parties without substantial delay.  The parties are advised that the court will assume that these parties do not intend to retain substitute counsel if no appearance is entered before June 20, 2009.  Absent an appearance of substitute counsel, the counterclaims filed on behalf of Triple Eagle & Associates and Beachwalk Associates, LLC, will be dismissed for failure to prosecute.

**SO ORDERED** this 1st day of June, 2009.


s/ *M. Casey Rodgers*

**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**