IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

R.E. LOANS, LLC, and
2718 SANTA ROSA, LLC,
    Plaintiffs,

v.                    Case No.  3:08cv76/MCR/MD

EAGLE GROUP BROKERS, LLC,
THE EAGLE GROUP REAL ESTATE
 INVESTMENTS, INC.,
EAGLE LAND GROUP, INC.,
TRIPLE EAGLE & ASSOCIATES,
 one, some or all d/b/a THE EAGLE GROUP,
RON REESER, an individual,
HAL HAYES, an individual,
BEACHWALK ASSOCIATES, LLC,
 a Georgia limited liability company,
EUBY BLACK, an individual, and
DOES 1-50, INCLUSIVE,
    Defendants.
_____

## REPORT AND RECOMMENDATION

    This cause is before the court upon referral from the clerk.  Plaintiffs commenced this action on February 22, 2008.  On June 1, 2009, after counsel for defendants Eagle Group Brokers, LLC; The Eagle Group Real Estate Investments, Inc.; Eagle Land Group, Inc.; Eagle Property, Inc.; Triple Eagle & Associates; one, some or all d/b/a/ The Eagle Group; and Beachwalk Associates, LLC, withdrew and these defendants failed to retain substitute counsel, the court entered an order directing the entry of defaults against them.  (Doc. 109).  The order further provided that absent the filing of a notice of appearance by June 20, 2009 on behalf of Triple

Eagle & Associates and Beachwalk Associates, LLC, these defendants' counterclaims would be dismissed for failure to prosecute. Thereafter, when no appearance was made, the court dismissed the counterclaims of Triple Eagle & Associates and Beachwalk Associates, LLC for failure to prosecute. (Docs. 114, 117).

The undersigned then required the plaintiffs and the non-defaulting defendants (Ronald Reeser, Hal Hayes and Euby Black) to file a revised joint report, which they did. (Doc. 121). Based on that report, the court issued a revised final scheduling order. (Doc. 122).

Before the revised discovery deadline had passed, plaintiffs' counsel filed a motion to withdraw. (Doc. 129). On January 4, 2010, the undersigned granted the motion. (Doc. 134). In its order, the court advised plaintiffs that as limited liability companies, they cannot represent themselves. Plaintiffs were provided twenty-eight days in which to retain substitute counsel, and warned that if counsel did not appear on their behalf within that time period, the undersigned would recommend that their claims against defendants Reeser, Hayes and Black be dismissed. (*Id*.).

The deadline for plaintiffs to retain substitute counsel has elapsed. No appearance has been made on their behalf. It is further noted that although defaults were entered against defendants Eagle Group Brokers, LLC; The Eagle Group Real Estate Investments, Inc.; Eagle Land Group, Inc.; Eagle Property, Inc.; Triple Eagle & Associates; one, some or all d/b/a/ The Eagle Group; and Beachwalk Associates, LLC, plaintiffs have neither requested nor applied for a default judgment. *See* Fed. R. Civ. P. 55(b).

Accordingly, it is respectfully RECOMMENDED:

1. That all of plaintiffs' claims against all defendants be DISMISSED WITHOUT PREJUDICE.

2. That the counterclaims filed on behalf of Triple Eagle & Associates and Beachwalk Associates, LLC, be DISMISSED WITHOUT PREJUDICE.

3. That the clerk be directed to enter judgment accordingly and close this file.

At Pensacola, Florida, this 3rd day of February, 2010.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** *United States v. Roberts*, **858 F.2d 698, 701 (11th Cir. 1988).**